IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Antonio Bellamy,
    Plaintiff,

v.                         1:12cv1339 (CMH/TCB)

Jim O'Sullivan, et al.,
    Defendants.

MEMORANDUM OPINION AND ORDER

Antonio Bellamy, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging multiple violations of his constitutional rights at Chesapeake City Jail. For the reasons stated below, plaintiff's claim regarding the daily keep fee will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted;[1] plaintiff will be directed to particularize and amend his allegations concerning conditions of his confinement and to provide evidence of complete exhaustion of the claims; and he will be required to provide evidence that he qualifies for in forma pauperis status.

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

## I. Background

Several of plaintiff's allegations concern the conditions of confinement at Chesapeake City Jail. He alleges that "they got me sleeping on the floors [sic]" that he "can't participate in the programs or the A.B.E. classes." Compl. 5. Plaintiff does not explain what A.B.E. programs are but appears to also complain that he is not receiving job training. He claims that "the food is horrible" and that staff is not serving meals at the times that are specified in the "rule book." Id. Plaintiff alleges that the staff members "are really disrespectful" and that when he requests a grievance form, they refuse to provide one. Id. Finally, plaintiff appears to complain about the one dollar and fifty cent daily keep fee he is being charged. Id.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . .". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949–50.

### III. Analysis

A. Daily Keep Fee

Plaintiff appears to claim that the one dollar and fifty cent daily keep fee he incurs is unreasonable. However, several courts have considered the constitutionality of such fees charged by penal institutions, and have "consistently found no constitutional impediment" to such practices. See Tillman v. Lebanon Corr. Facility, 221 F.3d 410, 416 n. 3 (3d Cir. 2000); Waters v. Bass, 304 F. Supp. 2d 802, 807–08 (E.D. Va. 2004). In Waters, this court reviewed a one-dollar daily fee charged to inmates at the Virginia Beach City Jail and found that it did not constitute cruel and unusual punishment or an excessive fine in violation of the Eighth Amendment. Id. The Court also rejected arguments that the fine violated the due process and equal protection guarantees. Id. at 809–12. Lastly, the Court found that a one-dollar fee was reasonably related to a legitimate penological interest. Id. at 812 (finding that the fee 1) served to defray taxpayer liability for the cost of incarcerating criminals, 2) engendered fiscal responsibility in inmates, and 3) likely contributed to the overall well-being of local inmate populations because the fees were used for general jail purposes). Accordingly, plaintiff's claim that he is constitutionally aggrieved by the keep fee he must pay will be dismissed pursuant to § 1915A for failure to state a claim.

B. Conditions of Confinement

District courts have a duty to construe pleadings by pro se litigants liberally; however, a pro se plaintiff must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d

416, 421 (E.D. Va. 1999). To state a cause of action under § 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Thus, each named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against him. As presented, plaintiff has not stated a claim against any of the named defendants, but because plaintiff is proceeding pro se, he will be granted an opportunity to particularize and amend his complaint.

Specifically, to establish a claim for cruel and unusual punishment due to conditions of confinement that violate the Eighth Amendment, a plaintiff must allege facts sufficient to show (1) an objectively serious deprivation of a basic human need—that is, one causing serious physical or emotional injury, and (2) that prison officials were deliberately indifferent to that need. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 198 (1991). To meet the first prong, plaintiff must allege facts sufficient to show that the condition complained of was a "sufficiently serious" deprivation of a basic human need. Farmer v. Brennan, 511 U.S. 825, 825 (1994) (citing Wilson, 501 U.S. at 298). Only extreme deprivations will make out an Eighth Amendment claim, and it is plaintiff's burden to allege facts sufficient to show that the risk from the conditions of his confinement was so grave that it violated contemporary notions of decency and resulted in serious or significant physical or emotional injury. Hudson v. McMillian, 503 U.S. 1, 8 (1992); Strickler v. Waters, 989 F.2d 1375, 1379–81 (4th Cir. 1993). To meet the second prong, plaintiff must allege facts sufficient to show that defendants were deliberately indifferent, that is, that they knew of facts from which an inference could be drawn that a "substantial risk of serious harm," was posed to his health and safety, that they drew that inference, and then disregarded the risk posed. Farmer, 511 U.S. at 837.

In this case, plaintiff's allegations concerning his lack of participation in programs, the food, his sleeping arrangement, his treatment by staff, and the grievance process at present do not satisfy this test because he does not complain of any serious physical or emotional injury, nor does he allege facts sufficient to show that defendants were deliberately indifferent. However, as he is acting pro se, he will be given an opportunity to particularize and amend his allegations to meet the requirements explained in this order.

### IV. Exhaustion of Administrative Remedies

Additionally, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 92 (2006) (requiring complete exhaustion of correctional facility administrative remedies). To bring this action in the federal courts, plaintiff must receive a response to his grievance and, if unsatisfactory, must pursue it through all available levels of appeal before presenting that claim in federal court. At this time, it is unclear whether plaintiff completely exhausted his institution's administrative remedies. Before this action may proceed, plaintiff will be required to submit additional information concerning his exhaustion of administrative remedies as to all of his claims. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 680 (4th Cir. 2005) (deeming improper sua sponte dismissal of a claim on exhaustion grounds).

### V. Motion to Proceed In Forma Pauperis

To determine whether plaintiff qualifies to proceed in forma pauperis, the Court directs plaintiff to sign and return a Consent Form and directs plaintiff's correctional institution to complete and return an Inmate Account Report form.

Accordingly, it is hereby

ORDERED that the complaint be and is conditionally filed pending compliance with the requirements of this Order; and it is further

ORDERED that the plaintiff is assessed a filing fee of $350.00 pursuant to 28 U.S.C. § 1914(a); and it is further

ORDERED that plaintiff either (1) pay the $350.00 filing fee or (2) complete the attached application to proceed in forma pauperis and Consent Form. If the Court grants plaintiff in forma pauperis status, plaintiff will be required to pay the filing fee in installments after first paying an initial filing fee. FAILURE TO PAY THE $350.00 FILING FEE OR TO RETURN THE COMPLETED ATTACHED FORMS WITHIN THIRTY (30) DAYS WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk request plaintiff's institution to provide an Inmate Account Report Form on plaintiff within thirty (30) days of the date of this Order; and it is further

ORDERED that plaintiff particularize and amend his claims concerning the conditions of his confinement within thirty (30) days of the date of this Order by (i) naming every person he wishes to include as a defendant; (ii) submitting a short, detailed statement of background facts which describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the injuries received, the reasons why he believes each defendant is liable to him, and the remedies sought; and (iii) submitting one original amended complaint. Plaintiff must include his civil action number, 1:12cv1339 (CMH/TCB), on the first page of his amended complaint, and this amended complaint will serve as the sole complaint in this civil action; and it is further

ORDERED that, within thirty (30) days of the date of this Order, plaintiff complete and return the attached affidavit concerning his exhaustion of his institution's administrative grievance process; and it is further

ORDERED that plaintiff's failure to comply with any part of this Order within THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, or failure to notify this Court immediately in the event he is transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b).

The Clerk is directed to send a copy of this Order, a Consent Form, an application to proceed in forma pauperis, and the exhaustion affidavit to plaintiff, as well as a copy of this Order and the Inmate Account Report Form to plaintiff's current institution of confinement.

Entered this 28th day of December 2012.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia